UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ANDERSON DIVISION

Christopher Demont Owens,

                    Plaintiff,

           v.                                    C/A No. 8:06-3014-GRA-BHH

Warden A.J. Padula, Robert E. Ward,
Associate Warden Margaret J. Bell,
Captain C. Johnson, Captain Angela
Pinkney Neasman, DHO J.C. Brown,                         ORDER
Warden White, J. Montgomery, Valerie
Whitaker, Officer Quillion, Captain                 (Written Opinion)
Percy Jones, and Associate Warden
NFN Claytor,

                    Defendants.

       This matter is before the Court for a review of the magistrate's Report and

Recommendation filed on July 3, 2007 and made in accordance with 28 U.S.C. §

636(b)(1)(B) and Local Rule 73.02(B)(2)(d), D.S.C. Plaintiff brought this action seeking

relief pursuant to Title 42, United States Code, Section 1983.

       Plaintiff alleges that Defendants did not afford him due process before imposing

disciplinary sanctions on him. Plaintiff also claims that Defendants inflicted cruel and

unusual punishment on him and opened his legal mail. The magistrate recommended

that summary judgment be granted and Plaintiff's Complaint be dismissed with

prejudice.

       Plaintiff brings this action *pro se*. This Court is required to construe *pro se*

pleadings liberally. Such pleadings are held to a less stringent standard than those

1

drafted by attorneys. *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). This Court is charged with liberally construing a pleading filed by a *pro se* litigant to allow for the development of a potentially meritorious claim. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972).

The magistrate makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and this Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate with instructions." *Id*. In the absence of objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Plaintiff filed objections to the Report and Recommendation on July 10, 2007.

Plaintiff objects that he has exhausted his administrative remedies because he filed grievances regarding every claim made in his Complaint. The magistrate held that Plaintiff's claims of assault and excessive force against Defendant Jones should be barred because no grievance was filed for this incident. The Court has reviewed the record in this case and finds no grievances filed against Defendant Jones. Plaintiff

speculates that Defendant Montgomery has destroyed his grievances.  Plaintiff fails to provide any evidence for this accusation, nor does he explain why Defendant Montgomery would keep records of all his other grievances while destroying any grievances against Defendant Jones.  Plaintiff may still bring this claim, but only after exhausting his administrative remedies.

 Plaintiff objects that his due process rights were implicated when Defendants placed him in solitary confinement.  Plaintiff cites to Second Circuit cases that have held 305 days in solitary confinement is sufficient to trigger due process.  However, this Court is bound to apply Fourth Circuit precedent.  The Fourth Circuit has held that solitary confinement does not constitute a significant hardship in relation to the ordinary incidents of prison life, and therefore no liberty interest is at stake.  *Beverati v. Smith*, 120 F.3d 500, 503 (4th Cir. 1997).

Plaintiff's objections in paragraph 3 relate to his claims of assault and excessive force against Defendant Jones.  Because these objections do not relate to Plaintiff's failure to exhaust, the Court need not consider them.  Again, Plaintiff may bring these claims after exhausting his administrative remedies.

Plaintiff objects that his medical records establish his injuries – sinus problems, depression, and anxiety.  The magistrate correctly found that these injuries were *de minimus* and did not constitute cruel and unusual punishment under the Eighth Amendment. Plaintiff cites to *Woodhous v. Virginia*, 487 F.2d 889 (4th Cir. 1973) for the proposition that a prisoner need not wait until he is actually assaulted to retain

relief.   In *Woodhous*, the plaintiff produced competent evidence that he was incarcerated in a prison "where violence and terror reign." *Id.* at 890.  In fact, the Court noted that "occasional, isolated attacks by one prisoner on another may not constitute cruel and unusual punishment." *Id.*  Plaintiff here likewise complains of one isolated attack by a fellow prisoner, and has not shown any evidence that Defendants exhibited deliberate indifference toward him.

Plaintiff argues that he is being denied access to the courts to the extent that inmates are not allowed to pass things from cell to cell and inmates can not write to one another.  A prison regulation prohibiting correspondence between inmates is reasonably related to valid corrections goals and does not abridge the First Amendment rights of inmates. *Turner v. Safley*, 482 U.S. 78 (1987).  The Court finds that while Plaintiff has been afforded ample opportunity to present evidence on his claims, no material issue of fact remains to be tried and summary judgment is appropriate.

Plaintiff claims that he has suffered an injury as a result of Defendants opening his mail; namely, that documents from the court were missing and he was unable to formulate a response, which led to his case being dismissed for failure to respond. Plaintiff says that his case was in state court but provides no other specifics.  This does not meet Plaintiff's burden of showing that he suffered an injury as a result of Defendants' actions.

The remainder of Plaintiff's objections do not address specific portions of the Report and Recommendation, and so the Court need not respond to them.

4

After a review of the magistrate's Report and Recommendation and the objections thereto, this Court finds the report is based upon the proper law. Accordingly, the Report and Recommendation is accepted and adopted in its entirety.

IT IS THEREFORE ORDERED that Defendants' Motion to Dismiss is DENIED. Plaintiff's claims against Defendant Jones are DISMISSED without prejudice. Defendants' Motion for Summary Judgment is GRANTED as to all other claims.

IT IS FURTHER ORDERED that Plaintiff's Motion for a Protective Order and/or Motion to Appoint Counsel is DENIED as moot.

IT IS SO ORDERED.

G. ROSS ANDERSON, JR.
UNITED STATES DISTRICT JUDGE

July 19, 2007

Anderson, South Carolina

5

## NOTICE OF RIGHT TO APPEAL

Plaintiff is hereby notified that he has the right to appeal this Order within thirty (30) days from the date the judgment of this Order is entered, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure. Failure to meet this deadline, as modified within Rule 4, will waive the right to appeal.